HAMILTON NATIONAL BANK OF KNOXVILLE, TENNESSEE, Executor of Estate of Evelyn C. Prichard, Deceased, Complainant and Appellant, v. GRANING PAINT CO., Inc., and K. Paul Adams, Defendants and Appellees and Cross Appellants.—436 S.W.(2d) 883.

Western Section. September 16, 1968.

Certiorari Denied by Supreme Court December 16, 1968.

38

H. H. McCampbell, Jr., Knoxville, for complainant and appellant.

Ted H. Lowe, Knoxville, for defendants and appellees and cross-appellants.

BEJACH, J. This cause was heard by the Western Section of the Court of Appeals, sitting for the Eastern Section at Knoxville. Judge J. B. Avery, Sr., at that time Presiding Judge of the Western Section, participated in the hearing and heard the argument, but since that time, he has retired from the bench and took no part in this opinion.

We have before us in this cause appeals by both complainant and defendants, which appeals were taken from a decree of the Chancery Court of Knox County dismissing complainant's original and amended bills, and dismissing cross complainants' cross bill, except to the extent of decreeing that Graning Paint Co., Inc., is the sole owner of 51 shares of its capital stock, formerly owned by Mrs. Evelyn C. Prichard. In the litigation before us the parties will be referred to as complainants and defendants, or called by their respective names, Graning Paint Co., Inc. being sometimes referred to as Graning.

This lawsuit involves a stock redemption agreement between Graning Paint Co., Inc., a Tennessee corporation,

Mrs. Evelyn C. Prichard and K. Paul Adams, stock-holders of that corporation. The Hamilton National Bank of Knoxville, Tennessee is executor of Mrs. Evelyn C. Prichard who died in March 1966. This case is primarily a fact case, although there is very little dispute about what the facts are.

Graning Paint Co., Inc. was organized in 1956 by Roy L. Prichard, and K. Paul Adams. They purchased a paint company by that name and organized the corporation with the same name. Roy L. Prichard invested $510.00 and took 51 shares of the corporation; K. Paul Adams invested $490.00 and took 49 shares of the 100 shares of the corporation. Adams was to be and became the manager. He has been president of the corporation since its organization. Roy L. Prichard died in 1960, and his widow, Mrs. Evelyn C. Prichard, as sole beneficiary of his will, became the owner of his 51 shares in Graning Paint Co., Inc. Mrs. Prichard was made secretary of that corporation and was paid a salary of $100.00 per week until her death. On July 19, 1961, Mrs. Prichard and K. Paul Adams, as sole stockholders of Graning entered into an agreement with Graning, which agreement provides that Graning Paint Co., Inc. "shall purchase the stock of whichever of them shall die first". With reference to the purchase of such stock, and the price to be paid for same, such agreement provides as follows:

"(1) *Sale of Stock at Death of a Stockholder*— Upon the death of a stockholder, the corporation out of its capital and surplus shall purchase and the deceased stockholder shall sell at a price to be determined under paragraph (2) below, all of the stock of the corporation owned by the deceased stockholder at the time of his death.

(2) *Purchase Price*—The price of any stock purchased by the corporation from the estate of a deceased stockholder under this agreement shall be equal to the book value of such stock on the last day of the month preceding the month in which the stockholder's death occurred, as determined by the certified public accountant serving the corporation at the time of such death.''

Graning Paint Co., Inc., as well as both K. Paul Adams and Mrs. Evelyn C. Prichard, signed the stock redemption agreement. On the same date Mrs. Prichard and Adams entered into a separate agreement to which Graning was not a party. This agreement provides that Mrs. Prichard and Adams should insure their respective lives for $30,000 each, and hold the insurance policies ready for assignment to Graning Paint Co., Inc., in the event that the book value of that corporation increased to an amount greater than $40,000, or in the event that Mrs. Prichard and Adams mutually agreed that the value of that corporation stock was in excess of $40,000. For the purpose of providing additional funds for the purchase price of stock of either K. Paul Adams or Mrs. Evelyn C. Prichard, whichever it might be called on to purchase under the stock redemption agreement, to which it was a party, the supplemental agreement provides that, ''The corporation has obtained and caused itself to be named beneficiary of and has in effect the insurance policies shown in the schedule attached hereto and marked Exhibit 'A'.'' The contract provides, ''The corporation shall be owner of and pay all premiums on said policies and shall be entitled to all dividends declared thereon.'' Exhibit ''A'' of the stock redemption agreement shows Policy Number 7498457 of the John Hancock Life Insurance Co. on the life of Evelyn C. Prichard for $20,000; and Policy Num-

ber 7498653 of the John Hancock Life Insurance Co. on the life of K. Paul Adams for $20,000. In 1961 the book value of the stock of Graning Paint Co., Inc. was approximately $35,000. By January 1963, it had become approximately $48,000, and by January 1964, approximately $50,000. The year 1964 was a year of expansion for Graning Paint Co., Inc., during which year, it opened five additional branch stores, bringing the total number of its stores to eight. The five additional stores opened in 1964 have been discontinued. In that situation, after some correspondence on the subject, Mrs. Prichard, Adams and Mrs. Prichard's insurance advisor, a man by the name of Swift, met on the 28th day of January 1964 in the office of Mr. Perry Shields, a Knoxville lawyer, who was the same lawyer who had drawn up the stock redemption agreement in 1961. There is considerable dispute in the record as to who was responsible for the employment of Mr. Shields. Complainant contends that he was employed by and represented Adams, with the result that the stock redemption agreement should be strongly construed against Adams. Apparently, as was held by the Chancellor, Mr. Shields considered that he represented primarily the corporation, Graning Paint Co., Inc., but did not intend to favor or discriminate against either Adams or Mrs. Prichard in the transaction. His fee was paid by Graning Paint Co., Inc. We consider it unnecessary to decide whether Mrs. Prichard or K. Paul Adams was responsible for the employment of Mr. Shields, because the stock redemption agreement drawn up by him is so completely unambiguous that the construction of same is not necessary. As was said by Judge Shriver, speaking for this Court, Middle Section, in Associated Press v. WGNS, Inc.:

"It is a rule too well recognized to require citation of authority that if the language of a contract is plain and unambiguous it is the duty of the Court to interpret and enforce it as it is written. See Petty v. Sloan, 197 Tenn. 630, 277 S.W.2d 355 and Smithart v. John Hancock Mut. Life Ins. Co., 167 Tenn. 513, 71 S.W.2d 1059."

48 Tenn.App. 407, 417, 348 S.W.2d 507.

At the meeting on January 28, 1964, Mrs. Evelyn C. Prichard and K. Paul Adams agreed to and did transfer to Graning Paint Co., Inc. the two $30,000 insurance policies on their respective lives which they had taken out in compliance with the supplemental agreement of July 19, 1961. This transfer was made with the understanding and agreement that the policies transferred should thereafter belong exclusively to Graning Paint Co., Inc., and that that corporation would pay the premiums on same. In consideration of the transfer, Graning refunded to them the unearned premiums on the policies transferred. The transfer of these policies to Graning Paint Co., Inc. made available for it $50,000 of insurance on each of the lives of Mrs. Evelyn C. Prichard and K. Paul Adams for purchase of stock under the stock redemption agreement of July 19, 1961. These policies were for term insurance and there was no cash surrender value of them. They were, however, converted by Graning Paint Co., Inc. into ordinary life insurance policies. All future premiums were to be and were paid by Graning Paint Co., and it was to be entitled to all dividends on same. An agreement, signed by Mrs. Prichard and K. Paul Adams transferring these policies contained the specific provision, "It is their desire to have the converted policies issued in such a manner that hereafter

Graning Paint Co. will be the sole owner and beneficiary." The book value of the stock of the Graning Paint Co., Inc., at the time the two $30,000 policies were transferred to it, was approximately $50,000, which did not include cash surrender value of the life insurance policies which the company owned at that time, amounting to about $8,000. The cash surrender value of the insurance appears to have been entered on the books of Graning Paint Co., Inc. for the first time on January 31, 1966. Graning Paint Co., Inc. already had, in January 1964, other insurance on the life of K. Paul Adams which was and is separate from the stock redemption agreement and is not involved in this litigation.

When Mrs. Prichard died, K. Paul Adams, as president of Graning Paint Co., Inc., had its books audited by Gillespie and Sherrod, certified public accountants, who had always represented the Prichards, had prepared the annual tax returns of Graning Paint Co., Inc., and were the auditors designated in the stock redemption agreement to fix the book value of the stock. After completion of the audit, Adams made demand on complainant Hamilton National Bank, as executor of Mrs. Prichard, for delivery to him or Graning Paint Co., Inc., of the stock certificate for 51 shares formerly owned by Mrs. Prichard. The audit, which was prepared by a Mr. Hawes, an employee of Gillespie and Sherrod, showed the book value of the stock of Graning Paint Co. on February 28, 1966 to be $32,768.15, of which the portion belonging to the estate of Mrs. Prichard was $16,711.76. Instead of complying with Adams' demand for the stock certificate, complainant instituted the present litigation, and it devolped in this lawsuit that Mrs. Prichard's stock certificate had been lost or misplaced and could not be found.

In the bill filed in this cause, complainant takes the position that the sole purpose of the $50,000 of life insurance on the life of Mrs. Evelyn C. Prichard and the $50,000 life insurance on the life of K. Paul Adams was to fund the stock purchase provided for in the stock redemption agreement of July 19, 1961, and that Mrs. Prichard's estate is entitled to recover all of the proceeds of the insurance on her life not needed or used for that purpose. The bill advances four different theories under which complainant seeks to accomplish this result, viz.:

"1. That the stock redemption agreement between Mrs. Prichard, K. Paul Adams, and Graning Paint Co., Inc., and the supplemental agreement between Mrs. Prichard and Adams of the same date, did not adequately express the real intention of the parties, and that complainant is entitled to a reformation of same;

2. That Mrs. Prichard was not represented by counsel and that, therefore, the agreements should be construed against Adams and/or Graning Paint Co., Inc.;

3. That when Mrs. Prichard transferred to Graning Paint Co., Inc. the $30,000 policy of insurance on her life, the facts had been misrepresented to Mrs. Prichard, or there was a mutual mistake of fact;

4. That to permit Graning Paint Co., Inc. to retain the proceeds of insurance on the life of Mrs. Prichard in excess of the amount necessary for purchase of her stock would constitute unjust enrichment."

The cross-bill of Graning Paint Co., Inc. and K. Paul Adams seeks revision downward in the valuation of the book value of the stock of Graning Paint Co., Inc., based on the theory of and allegation that errors were made by

Gillespie and Sherrod in auditing its books. Among such alleged errors are inclusion of cash surrender value of insurance policies owned by Graning Paint Co., Inc., which had never previously been shown on the books of the company, and the omission to take into account liability which Graning had on leases for stores which had been closed in 1964.

The Chancellor held, with reference to the cross bill, that it was without merit except for that part of it which sought a recovery of Mrs. Prichard's stock. This relief the Chancellor's decree granted by providing that Graning Paint Co., Inc. is the sole owner of any interest in or right to stock in that company formerly owned by Mrs. Prichard. He based his ruling, in part, on the provision of the stock redemption agreement of July 19, 1961 that the book value of the stock must be determined by Gillespie and Sherrod. The book value of the stock having been ascertained as was required by the stock redemption agreement of July 19, 1961, the Chancellor held that defendants were bound by that result. With reference to the rental liabilities claimed by defendants as cross complainants, the Chancellor disallowed them, on the ground that they were only contingent liabilities, and even as contingent liabilities might still be mitigated by subleasing of the vacant stores. We agree with the Chancellor of the assignments of error filed by defendants Graning Paint Co., Inc. and K. Paul Adams are, accordingly, overruled.

The Chancellor held, with reference to the original and amended bills of Hamilton National Bank, Executor, that the only chance the bill as amended had to succeed was on the theory of mutual mistake, and that, with reference to that theory, there was inadequate evi-

dence before him to sustain it. We agree with the Chancellor. This case comes to us under the provisions of T.C.A. sec. 27-117 with the presumption of the correctness of the Chancellor's decree, unless the preponderance of the evidence is to the contrary, and certainly we cannot say that the evidence in this record preponderates against the Chancellor's decree.

■■ The contract between Mrs. Prichard and K. Paul Adams, entered into July 19, 1961, was in our opinion, in all respects an equitable one, and equally fair to both of them. Mrs. Prichard had just as much chance to become the sole owner of Graning Paint Co., Inc., under the provisions of that contract, as did K. Paul Adams. Such possibility, itself, constituted adequate consideration, not only for the stock redemption agreement, which provides for such equal chance but, also, for the supplemental agreement of Mrs. Prichard and K. Paul Adams which undertook to provide for necessary funds to finance the stock redemption agreement. At the time the term insurance on their lives was transferred to Graning Paint Co., Inc. in 1964, and converted by it into ordinary life insurance, the refunding to Mrs. Prichard and Adams of unearned premiums on the term insurance policies constituted ample consideration for its transfer, and having accepted refund of the unearned premium, neither Mrs. Prichard nor her executor can be heard to complain. At the time the two policies of $30,000 each on the lives of Mrs. Prichard and Adams were transferred to Graning Paint Co., Inc., the book value of its stock was considerably in excess of $40,000, and they had no reason to anticipate that the expansion program which had been undertaken at that time would prove to be a losing one. As it turned out, however, the expansion program of 1964

was a losing venture and the corporation lost heavily that year. At the time of Mrs. Prichard's death the book value of the stock of Graning Paint Co., Inc. was back to less than the $40,000 value contemplated by the stock redemption agreement of July 19, 1961. This rendered the transfer to it of the two $30,000 policies in January 1964 unnecessary, but the transaction had been completed, and neither Mrs. Prichard nor her executor could have any right to revoke it.

It results that all assignments of error, including both those filed by the complainant and those filed by the defendants as cross complainants are overruled, and the decree of the Chancery Court of Knox County is affirmed. The costs of the cause will be adjudged three-fourths against Hamilton National Bank, as executor, and its surety on its appeal bond, and one-fourth against K. Paul Adams and Graning Paint Co., Inc. and their surety on their appeal bond.

Carney, J., concurs.